# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 19, 2024

```
* * * * * * * * * * * * *
MARIELL MEACHAM,             *        Unpublished
                             *
              Petitioner,    *        No. 20-1944
                             *
v.                           *        Special Master Gowen
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
              Respondent.    *
* * * * * * * * * * * * *
```

*Jessica E. Choper,* Britcher Leone and Sergio, LLC, Glen Rock, NJ, for petitioner.
*Benjamin Patrick Warder,* Department of Justice, Washington, D.C., for respondent.

## DECISION ON FINAL ATTORNEY'S FEES AND COSTS[1]

On August 28, 2023, Mariell Meacham ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 47). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of $45,974.00.

## I.      Procedural History

On December 22, 2020, petitioner filed a claim in the National Vaccine Injury Compensation Program. Petition (ECF No. 1).[2] Petitioner alleged as a result of receiving an influenza ("flu") vaccine on October 11, 2019, she suffered a Shoulder Injury Related to Vaccine

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Administration ("SIRVA"). *Id.* On June 22, 2023, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 42).

On August 28, 2023, petitioner file a motion for final attorneys' fees and costs. Fees App. Petitioner requests compensation for her attorney, Ms. Jessica Choper, in the total amount of $46,080.54, representing $45,654.79 in attorneys' fees and $825.75 in attorneys' costs. Fees App. Pursuant to General Order No. 9, petitioner affirms that she has not personally incurred any cost in pursuit of this claim. Fees App. Exhibit C. Respondent file a response to petitioner's motion on September 11, 2023, stating that "the statutory requirements for an award of attorneys fees and costs are met in this case," and that the special master should use his discretion to determine a reasonable award for attorneys' fees and costs. Respondent's Response (ECF No. 48). Petitioner did not file a reply. This matter is now ripe for adjudication.

## II.     Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a.  Attorneys' fees

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez*, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. *Id.* at *8.

Here, petitioner requests that counsel, Ms. Jessica Choper, be awarded a rate of $400.00 per hour for her work on this matter from 2020 through 2023. Fees App. Exhibit B.

Additionally, petitioner requests that paralegals and legal interns/law clerk be reimbursed for their work at an hourly rate of $163.00 for work performed in 2021 and $175.00 for work performed in 2022-2023. *Id.* at 16.

The hourly rate petitioner is requesting for Ms. Choper has been approved before and consistent with what she has been awarded for her work in the Vaccine Program, therefore, I find them to be reasonable. However, the hourly rate for the work of her legal intern/law clerk exceeds the rate that has been awarded the past, and therefore, I shall reduce the overall fees requested by $50.00. *See Wnuk v. Sec'y of Health & Human Servs.,* No. 21-0679V, 2023 WL 4195520, at * 2 (Fed. Cl. Spec. Mstr. May 26, 2023); *Callejas v. Sec'y of Health & Human Servs.,* No. 20-1767V, 2023 WL 8182960 (Fed. Cl. Spec. Mstr. Oct. 24, 2023).

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxon*, 3 F.3d at 1521 (quoting, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).

After a review of the billing log, I have determined that a reduction in the number of hours requested is appropriate for excessive billing. For example, Ms. Choper billed 0.2 hours for the review of basic electronic notifications, including Non-PDF orders entered by the Court. *See e.g.* Fees App. Exhibit B (8/21/21-Review Court Order-240 Order; 8/1/21-0.2 Review Court Order; 8/19/21-0.2 Review Court Order; 3/2/22-0.2 Review Court Order; 4/28/22-Review Court Scheduling Order; 08/11/22-0.2-Review Court Order; 09/01/22-0.2-Review Court Scheduling Order; 09/26/22-0.2-Review Court Order). **Accordingly, I will reduce the overall attorneys' fees requested by 1.5%, amounting to a reduction of $684.82.**

### c. Attorneys' Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 26, 34 (1992). Petitioner is requesting a total of $825.75 in attorneys' costs. The amount is comprised of the filing fee, acquiring medical records, and postage. Fees App. Exhibit A. Petitioner has provided adequate documentation supporting all of the costs requested and respondent has not identified any particular costs as objectionable. Therefore, petitioner is awarded the full of amount of costs sought.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED.** I find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $45,654.79 |
| (Reduction of Fees) | ($734.82) |
| **Total Attorneys' Fees Awarded** | **$45,148.25** |
| | |
| Attorneys' Costs Requested | $825.75 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$825.75** |
| **Total Attorneys' Fees and Costs Awarded** | **$45,974.00** |

In accordance with the above, petitioner is awarded the following in final attorneys' fees and costs:

1) **A lump sum in the amount of $45,974.00, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Ms. Jessica Choper.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).